**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**AIKEN DIVISION**

| | | |
|---|---|---|
| Karron Norris, | ) | Civil Action No. 1:12-02592-JMC |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | **ORDER AND OPINION** |
| Wal-Mart Stores East, L.P., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter arises out of an incident wherein Plaintiff Karron Norris ("Plaintiff") suffered various personal injuries on August 15, 2010, while visiting a store owned by Defendant Wal-Mart Stores East, L.P. ("Defendant"). (ECF No. 1-1 at 4 ¶ 3.) Plaintiff alleges that Defendant failed to exercise reasonable care in providing for her safety while on its premises, which failure proximately caused her alleged injuries. (Id. at 6-7.) Plaintiff filed this action against Defendant alleging a state law claim for premises liability negligence. (ECF No. 1-1.)

This matter is before the court on Defendant's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. (ECF No. 20.) Plaintiff opposes Defendant's motion for summary judgment in its entirety. (ECF No. 23.) For the reasons set forth below, the court **GRANTS** Defendant's motion for summary judgment.

**I.    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

On August 15, 2010, Plaintiff visited Defendant's store located at 1201 Knox Avenue, North Augusta, South Carolina. (ECF No. 1-1 at 4 ¶ 3.) While pushing a shopping cart down an aisle in the frozen food section, Plaintiff slipped and fell to the ground after stepping on a slippery, oily substance. (ECF No. 23-1 at 30:1-34:10.) As a result of the fall, Plaintiff alleges that she sustained injuries to her lower back, right side, and right leg, which required surgical

repair.  (Id. at 46:15-53:18.)  On August 16, 2010, the day after Plaintiff's accident, Defendant's assistant manager, Delinda Butler ("Butler"), found a half-empty bottle of canola cooking oil on a clearance rack.  (ECF No. 20-1 at 5 (citing ECF No. 20-2 at 2:23-3:25).)

Several video recordings from the surveillance system at the Knox Avenue location captured Plaintiff's fall and the moments leading up to it.  (See Ex. A.[1])  Defendant submitted these videos as evidence and the parties dispute the evidentiary significance of the submissions.  On one hand, Defendant asserts that the videos clearly show the following:  (1) at 5:43:38 p.m., an African-American male customer in a gray t-shirt and jeans enters the aisle carrying a white bag in his hands; (2) at 5:43:44 p.m., the male walks toward the middle of the aisle (lengthwise), leans over, and makes a motion consistent with pouring a substance on the floor; and (3) at 5:46:17 p.m., Plaintiff slips and falls in the same location where the male leaned over and allegedly placed a substance on the floor.  (Ex. A at 57:10-59:52.[2])  On the other hand, Plaintiff contends that the picture quality of the videos is grainy at best and, therefore, the videos do not clearly show a substance being placed on the floor such that an accurate calculation of the time between the alleged placement of the substance and Plaintiff's slip and fall can be made.  (ECF No. 23 at 1-2.)

On August 2, 2012, Plaintiff filed a complaint in the Court of Common Pleas for Aiken County, South Carolina, alleging premises liability negligence against Defendant.  (ECF No. 1-1.)  On September 7, 2012, Defendant removed Plaintiff's state court action to this court and answered the complaint denying Plaintiff's claims.  (ECF Nos. 1, 4.)  Thereafter, on July 11,

---

[1] Defendant represented that the surveillance videos were attached as exhibits A, B, and C to its motion for summary judgment.  (ECF No. 20-1 at 4 n.1.)  However, there is not any reference to the videos in the docket.  As a result, the court files the dvd containing exhibits A and B as exhibit A to this order.  The court notes that Plaintiff has not objected to the inclusion of the surveillance videos as evidence.
[2] These numbers identify the amount of time elapsed on the dvd.

2013, Defendant filed a motion for summary judgment. (ECF No. 20.) Plaintiff filed opposition to Defendant's motion for summary judgment on August 1, 2013, to which Defendant filed a reply in support of summary judgment on August 12, 2013. (ECF Nos. 23, 24.) Plaintiff filed a sur reply to Defendant's reply on August 22, 2013. (ECF No. 26.)

The court held a hearing on Defendant's pending motion for summary judgment on February 5, 2014. (ECF No. 33.)

## II.     LEGAL STANDARD

A.     <u>Summary Judgment Generally</u>

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect the disposition of the case under the applicable law. <u>Anderson v. Liberty Lobby Inc.</u>, 477 U.S. 242, 248–49 (1986). A genuine question of material fact exists where, after reviewing the record as a whole, the court finds that a reasonable jury could return a verdict for the nonmoving party. <u>Newport News Holdings Corp. v. Virtual City Vision</u>, 650 F.3d 423, 434 (4th Cir. 2011).

In ruling on a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. <u>Perini Corp. v. Perini Constr., Inc.</u>, 915 F.2d 121, 123-24 (4th Cir. 1990). The non-moving party may not oppose a motion for summary judgment with mere allegations or denials of the movant's pleading, but instead must "set forth specific facts" demonstrating a genuine issue for trial. Fed. R. Civ. P. 56(e); <u>see</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 324 (1986); <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 252 (1986); <u>Shealy v. Winston</u>, 929 F.2d 1009, 1012 (4th Cir. 1991). All that is required is that "sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties'

3

differing versions of the truth at trial." Anderson, 477 U.S. at 249. "Mere unsupported speculation . . . is not enough to defeat a summary judgment motion." Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc., 53 F.3d 55, 62 (4th Cir. 1995). A party cannot create a genuine issue of material fact solely with conclusions in his or her own affidavit or deposition that are not based on personal knowledge. See Latif v. The Cmty. Coll. of Baltimore, No. 08-2023, 2009 WL 4643890, at *2 (4th Cir. Dec. 9, 2009).

B.   Negligence

To assert direct liability based on a negligence claim in South Carolina, a plaintiff must show that (1) defendant owed her a duty of care; (2) defendant breached this duty by a negligent act or omission; (3) defendant's breach was the proximate cause of her injuries; and (4) she suffered injury or damages. Dorrell v. S.C. DOT, 605 S.E.2d 12, 15 (S.C. 2004) (citation omitted). "Whether the law recognizes a particular duty is an issue of law to be determined by the court." Jackson v. Swordfish Inv., L.L.C., 620 S.E.2d 54, 56 (S.C. 2005) (citation omitted).

C.   Invitees on Premises

South Carolina courts "recognize[] four general classifications of persons who come on premises: adult trespassers, invitees, licensees, and children." Sims v. Giles, 541 S.E.2d 857, 861 (S.C. Ct. App. 2001). South Carolina law applies different standards of care depending on whether the visitor is considered an "invitee," i.e., an invited (express or implied) business guest; a "licensee," i.e., a person not invited, but whose presence is suffered; a "trespasser," i.e., a person whose presence is neither invited nor suffered; or a child. Id. Generally, the jury determines whether an individual is a licensee, invitee, or trespasser. Nesbitt v. Lewis, 517 S.E.2d 11 (S.C. 1999).

4

"An invitee is a person who enters onto the property of another at the express or implied invitation of the property owner." Goode v. St. Stephens United Methodist Church, 494 S.E.2d 827, 831 (S.C. Ct. App. 1997). "Invitees are limited to those persons who enter or remain on land upon an invitation which carries with it an implied representation, assurance, or understanding that reasonable care has been used to prepare the premises, and make them safe for their reception." Sims, 541 S.E.2d at 862 (citation omitted). The visitor is considered an invitee especially when he is upon a matter of mutual interest or advantage to the property owner. Parker v. Stevenson Oil Co., 140 S.E.2d 177, 179 (S.C. 1965); Landry v. Hilton Head Plantation Prop. Owners Ass'n, Inc., 452 S.E.2d 619, 621 (S.C. Ct. App. 1994). The law recognizes two types of invitees: the public invitee and the business visitor. Sims, 541 S.E.2d at 862. "A public invitee is one who is invited to enter or remain on the land as a member of the public for a purpose for which the land is held open to the public." Goode, 494 S.E.2d at 831. A business visitor, on the other hand, is an invitee whose purpose for being on the property is directly or indirectly connected with business dealings with the owner. Id.; see also Parker, 140 S.E.2d at 179 (the term "invitee" in premises liability cases usually means the same thing as a business visitor and refers to one who enters upon the premises of another at the express or implied invitation of the occupant, especially when he is there about a matter of mutual interest or advantage); Hoover v. Broome, 479 S.E.2d 62, 65 (S.C. Ct. App. 1996) ("Business visitors are considered invitees as long as their purpose for entering the property is either directly or indirectly connected with the purpose for which the property owner uses the land.").

D.     Premises Liability

The landowner is not required to maintain the premises in such condition that no accident could happen to a patron using them. See Denton v. Winn-Dixie Greenville, Inc., 439 S.E.2d

5

292, 293 (S.C. 1993). Under South Carolina law, the owner of property owes business visitors or invitees the duty of exercising reasonable and ordinary care for their safety and is liable for any injuries resulting from a breach of such duty. H.P. Larimore v. Carolina Power & Light, 531 S.E.2d 535, 538 (S.C. Ct. App. 2000) (citing Israel v. Carolina Bar-B-Que, Inc., 356 S.E.2d 123, 128 (S.C. Ct. App. 1987)). The landowner has a duty to warn an invitee only of latent or hidden dangers of which the landowner is on actual or constructive notice. H.P. Larimore, 531 S.E.2d at 538 (citing Callander v. Charleston Doughnut Corp., 406 S.E.2d 361, 362-63 (S.C. 1991)). To recover damages for injuries caused by a dangerous or defective condition on a landowner's premises, a plaintiff must show that (1) the injury was caused by a specific act of the defendant which created the dangerous condition, or (2) that the defendant had actual or constructive knowledge of the dangerous condition and failed to remedy it. Wintersteen v. Food Lion, Inc., 542 S.E.2d 728, 729 (S.C. 2001) (citing Anderson v. Racetrac Petroleum, Inc., 371 S.E.2d 530 (S.C. 1988)); Pennington v. Zayre Corp., 165 S.E.2d 695 (S.C. 1969); Hunter v. Dixie Home Stores, 101 S.E.2d 262 (S.C. 1957).

"The customer can establish the storekeeper's constructive knowledge of the dangerous condition by showing that the foreign substance had been on the floor for a sufficient length of time that the storekeeper would or should have discovered and removed it had the storekeeper used ordinary care." Gillespie v. Wal-Mart Stores, Inc., 394 S.E.2d 24, 24–25 (S.C. Ct. App. 1990). However, the length of time that the foreign substance has been on the floor is not a determination that can be left to speculation. See Wimberly v. Winn-Dixie Greenville, Inc., 165 S.E.2d 627, 629 (S.C. 1969) ("The jury should not be permitted to speculate that [the foreign substance] was on the floor for such a length of time as to infer that defendant was negligent in failing to detect and remove it."); see also Gillespie, 394 S.E.2d at 25 ("[The record] does not

6

show how long the water had been on the floor . . . [and][t]he question of whether the water was on the floor for such a length of time as to infer that Wal-Mart was negligent in not discovering and removing it is not one that can be left to speculation.").

"The entire basis of an invitor's liability rests upon his superior knowledge of the danger that causes the invitee's injuries. If that superior knowledge is lacking, . . . , the invitor cannot be held liable." H.P. Larimore, 531 S.E.2d at 540.

### III.  ANALYSIS

A.  The Parties' Arguments

Defendant moves for summary judgment, arguing that Plaintiff's evidence fails to create a question of fact regarding whether Defendant created the condition of the substance on the floor or had actual or constructive notice of the substance on the floor. (ECF No. 20-1 at 6-7.) In support of its argument, Defendant asserts that there is no evidence in the record that Defendant created the dangerous condition by placing the substance on the floor or had actual notice that the substance was on the floor. (Id. at 7.) Defendant further asserts that "[t]he short period of time that elapsed between the spill and the fall, combined with the size and location of the spill, are insufficient as a matter of law to establish constructive notice." (Id.)

Specifically as to constructive notice, Defendant contends that the surveillance videos establish that only two minutes and thirty-three seconds elapsed from the time the male customer place the substance on the floor until Plaintiff slipped on it. (Id.) Defendant argues that this amount of time is insufficient to establish constructive notice. (Id. (citing, e.g., Massey v. Wal-Mart Stores East, LP, 2010 WL 3786056, at *5 (D.S.C. Sept. 22, 2010) (the court granted summary judgment due to lack of constructive notice when the video showed that the dangerous condition could only have existed approximately three minutes before plaintiff's fall)).)

However, Defendant argues that even if the substance had been on the floor some other amount of time, Plaintiff cannot show constructive notice because her evidence fails to suggest what amount of time that the substance had been on the floor prior to her fall.  (Id. at 9 (Plaintiff "admits she has no knowledge of the source of the [][substance] or how long it had been present on the floor prior to her fall . . . [and] [n]o other witness testimony . . . establish[es] the length of time the [][substance] had been present on the floor.).)  As a result, Defendant concludes that Plaintiff cannot satisfy her burden of showing that the substance was on the floor long enough that Defendant would or should have discovered it if Defendant had used ordinary care.  (Id. at 8 (citing Gillespie, 394 S.E.2d at 25).)

In support of her claims and in opposition to Defendant's motion for summary judgment, Plaintiff argues that Defendant failed to exercise reasonable and ordinary care for her safety.  In support of her argument, Plaintiff points to testimony from Butler that Defendant did not have a "firm" policy for how frequently employees were supposed to perform safety sweeps of the aisles in the store.  (ECF No. 23 at 4 (citing ECF No. 23-2 at 37:23-41:17).)  In addition, Butler testified that Defendant did not keep a log of when safety sweeps were performed or aisles were checked.  (Id. (citing ECF No. 23-2 at 34:15-18).)  As a result, Plaintiff contends that a question of fact exists regarding whether Defendant maintained the aisles and passageways of its store in a reasonably safe condition as well as whether it provided a reasonably safe premise for Plaintiff.  (Id. at 5.)

Plaintiff also argues that there is a question of fact regarding whether Defendant had constructive notice of the dangerous condition and failed to remedy it.  In support of this argument, Plaintiff asserts that there is sufficient evidence for a jury to conclude that the slippery substance had been on the floor a long enough period of time to be discovered by Defendant if it

had used ordinary care. (Id.)  Specifically, Plaintiff claims that Maryam Byrd's testimony that she saw skid marks or streak marks extending from the substance creates an inference that the substance had been on the floor a long enough time for Defendant to discover it.  (Id. at 5-6 (citing ECF No. 23-3 at 24:3-27:2).)  In addition, Plaintiff contends that a jury could infer from her testimony that the substance came from one of the nearby freezers.  (Id. at 6 (citing ECF No. 23-1 at 100:25-101:10).)

In reply, Defendant argues that Plaintiff failed to provide evidence of constructive notice showing that the substance was on the floor for a sufficient amount of time to put Defendant on notice.  (ECF No. 24 at 2-3 (citing, e.g., Gillespie, 394 S.E.2d at 25 ("[The record] does not show how long the water had been on the floor . . . . [and] [t]he question of whether the water was on the floor for such a length of time as to infer that Wal-Mart was negligent in not discovering and removing it is not one that can be left to speculation."); Simmons v. Winn-Dixie Greenville, Inc., 457 S.E.2d 608 (S.C. 1995) (Supreme Court declined to abrogate the requirement of actual or constructive notice by a store owner in slip and fall cases, even when plaintiff alleges the store owner causes an inherently dangerous condition or foreseeable risk)).)  In response to Byrd's testimony, Defendant asserts that the presence of skid marks or streak marks is irrelevant to the determination of constructive notice because "[a]ny inference as to the length of time before Plaintiff's fall that someone else walked through the substance would be purely speculation." (Id. at 5.)  Finally, Defendant argues that Plaintiff's evidence does not support a conclusion that the substance resulted from a problem with the freezer.  (Id. at 6.)

In her sur reply, Plaintiff reiterates that a reasonable jury could look at the discovery of the half-empty bottle of canola oil the day after the accident in combination with Byrd's testimony regarding the skid marks and conclude that the substance, which caused Plaintiff's

9

fall, had been on the floor long enough that it would have been discovered had Defendant had reasonable inspection procedures in place. (ECF No. 26 at 1-2.)

B.     The Court's Review

To survive Defendant's motion for summary judgment, Plaintiff has to submit evidence showing that her injuries were caused by Defendant's specific act(s) that created the dangerous condition, or that Defendant had actual or constructive knowledge of the dangerous condition and failed to remedy it. Upon review, the court concludes that there is not any evidence in the record supporting a finding that Defendant created the dangerous condition at issue in this matter. Moreover, the court finds that the evidence of record does not support a finding that Defendant had actual notice of the substance on the floor in the frozen food section of the Knox Avenue store on August 15, 2010. The surveillance videos submitted by Defendant support both of these findings.

As to allegations that Defendant had constructive notice of the substance, the court finds that Plaintiff's evidence fails to allow for an estimate of the amount of time that the substance was on the floor prior to Plaintiff's fall. No one, including Plaintiff, is able to testify regarding how long the substance was on the floor. (See, e.g., ECF No. 20-3 at 3:11-13; ECF No. 23-1 at 44:16-45:12; ECF No. 23-2 at 32:4-8; ECF No. 23-3 at 15:25-16:5.) In contrast, the surveillance videos support Defendant's suggestion that a male customer poured the substance on the floor two minutes and thirty-three seconds before Plaintiff's fall. Specifically, the videos show numerous customers walking through the specific area where Plaintiff fell without any problems. (Ex. A at 0-57:10.) The aforementioned male customer is seen leaning over and making a motion consistent with pouring a substance on the floor. (Id. at 57:10-57:17.) After the male customer stands up and leaves the aisle, the videos depict other customers then purposefully

avoiding the spot where the male customer had leaned over and where Plaintiff eventually fell. (Id. at 57:17-58:53.)

However, even if the court ignores Defendant's suggestion regarding what the surveillance videos show, the result is that there is no evidence in the record showing how long the substance was on the floor prior to Plaintiff's fall. Without such evidence in the record, Plaintiff cannot meet her burden of establishing constructive notice by showing that the substance was on the floor for "a sufficient length of time that the storekeeper would or should have discovered and removed it had the storekeeper used ordinary care." Massey, 2010 WL 3786056, at *4 (citing Gillespie, 394 S.E.2d at 25). Therefore, Defendant is entitled to summary judgment on Plaintiff's claim for premises liability negligence.

## IV.    CONCLUSION

Upon careful consideration of the entire record, the court hereby **GRANTS** the motion for summary judgment of Defendant Wal-Mart Stores East, L.P. (ECF No. 20.)

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

February 6, 2014
Greenville, South Carolina

11